WO                                                                                          SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth James Myers, et al., | No.  CV 21-00212-PHX-JAT (CDB) |
| Plaintiffs, | |
| v. | **ORDER** |
| J. Adam Shepherd, et al., | |
| Defendants. | |

Kenneth James Myers, and 40 other prisoners, who are apparently all confined in the Gila County Jail in Globe, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  Plaintiff Myers also filed an incomplete Application to Proceed In Forma Pauperis (Doc. 2).  The Court will dismiss this action and direct the Clerk of Court to open a new separate action on behalf of each Plaintiff.

**I.      Severance of Action into Separate Actions**

Generally, plaintiffs may join in one action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact in common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20.  However, Rule 21 of the Federal Rules of Civil Procedure authorizes the Court to drop parties on just terms and sever claims.  *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980) (even if the specific requirements of Rule 20 may be satisfied, a trial court must examine other relevant factors to determine if joinder of a party will comport with principles of fundamental fairness).

Even if Plaintiffs in this action are properly joined, the Court has found that management of pro se multi-plaintiff inmate litigation presents significant burdens to both the parties and the Court. Plaintiffs are prisoners proceeding pro se, and, although each Plaintiff may appear on his own behalf, no other Plaintiff may appear on behalf of another Plaintiff. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Therefore, during the prosecution of this action, each Plaintiff would be required to sign and submit his own motions and notices related to his claims in the action, and each Plaintiff would be required to individually sign any motion or notice filed on behalf of all of the Plaintiffs. However, because of security concerns related to prisoner correspondence and face-to-face communications, Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other copies of the motions and notices they file with the Court. Thus, continued administration of the lawsuit by the prisoners is limited, if not virtually impossible, due to the regulation of prisoner-to-prisoner correspondence. Moreover, prisoners are subject to transfer at any time to a facility other than the one they are incarcerated in at the time of the lawsuit.

With these concerns in mind, the Court concludes that unitary adjudication of Plaintiffs' claims would result in unfairness to Plaintiffs, Defendants, and the Court's goals of achieving judicial economy and maintaining efficient control of the Court's docket. Allowing each Plaintiff to proceed separately, however, would overcome the unfairness created by these circumstances. Therefore, the Court will sever this action into individual cases and a new case number will be assigned to each individually named Plaintiff. A copy of the Complaint and this Order will be placed in each new case. Further, as discussed below, the Court will direct the Clerk of Court to send to each Plaintiff a copy of the court-approved Application to Proceed In Forma Pauperis.

## II.   Payment of Filing Fee

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $52.00 administrative fee in a lump sum or, if granted the privilege of proceeding in forma pauperis, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1).

An application to proceed in forma pauperis requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint.  28 U.S.C. § 1915(a)(2).  An inmate must submit statements from each institution where he was confined during the six-month period.  *Id.*  To assist prisoners in meeting these requirements, the Court requires use of a form application.  LRCiv 3.4.

If a prisoner is granted leave to proceed in forma pauperis, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater.  28 U.S.C. § 1915(b)(1).  An initial partial filing fee will only be collected when funds exist.  28 U.S.C. § 1915(b)(4).  The balance of the $350.00 filing fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).

### A.    Plaintiff Myers' Application Fails to Comply with Statute

Although Plaintiff Myers filed an Application to Proceed In Forma Pauperis using the court-approved form, Plaintiff Myers has not submitted a certified six-month trust account statement.   In light of that deficiency, the Court will deny Plaintiff Myers' Application to Proceed and will give Plaintiff Myers 30 days to either pay the $402.00 filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.

### B.    Remaining Plaintiffs

The remaining Plaintiffs have neither paid the filing and administrative fees, nor filed Applications to Proceed In Forma Pauperis.  Therefore, each of these Plaintiffs will be permitted 30 days from the filing date of this Order to submit a properly executed and certified Application to Proceed In Forma Pauperis, **in his individual case**, using the form included with this Order, or pay the $402.00 filing and administrative fees.

## III.    Complaint

The Court has the inherent authority to sua sponte to require a party to replead, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, when a "pleading is so vague or ambiguous that [a] party cannot reasonably prepare a response."  *See Wagner v.*

*First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) ("We also remind district courts of their supervisory obligation to sua sponte order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates."); *Cobb v. Marshall*, 481 F. Supp. 2d 1248, 1259 (M.D. Ala. 2007) ("Although Defendant did not expressly request the remedy available to him under Rule 12(e), the court has the 'inherent authority' to act on its own and sua sponte direct a plaintiff to replead a complaint." (quoting *Fikes v. City of Daphne,* 79 F.3d 1079, 1083 n.6 (11th Cir.1996)).

Because the Complaint was originally filed as a multi-plaintiff Complaint and the Court cannot ascertain which allegations in Plaintiffs' Complaint pertain to which Plaintiff, the Court will dismiss the Complaint without prejudice and will permit each Plaintiff, **in his individual case**, to file an amended complaint that provides specific facts regarding how *he* was personally injured by the alleged constitutional violations and omitting facts regarding his former co-plaintiffs.

**IV.    Leave to Amend**

Within 30 days, **each Plaintiff** may file an amended complaint **in his individual case—not this case—**that raises only *his* claims for relief.  The Clerk of Court will mail each Plaintiff a court-approved form to use for filing a first amended complaint.  A Plaintiff must clearly designate on the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference.

An amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

A Plaintiff that files an amended complaint must write short, plain statements telling the Court: (1) the constitutional right the Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant violated that Plaintiff's constitutional rights; and (5) what specific injury that Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

A Plaintiff must repeat this process for each person he names as a Defendant. If a Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

**The rulings in this Order shall apply in each new case.** The individual Plaintiffs must proceed independently from this point and will not be regarded as co-plaintiffs, except upon further order of the Court. All further pleadings, motions or other papers submitted for filing by an individual Plaintiff in his separate case must be signed by the individual Plaintiff, or they will be stricken.

**V.  Warnings**

**A.  Address Changes**

Each Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiffs must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.  Copies**

Each Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that the Plaintiff files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, each Plaintiff must submit an additional copy of every filing for use by the Court. *See* LR

Civ 5.4.  Failure to comply may result in the filing being stricken without further notice to the Plaintiff.

**IT IS ORDERED:**

(1)     Plaintiff Myers' Application to Proceed In Forma Pauperis (Doc. 2) is **denied**.

(2)     This case is **severed** into individual actions, one for each named Plaintiff. The Clerk of Court **must assign** a new case number to each new individual action.

(3)     The Clerk of Court **must file** a copy of the Complaint (Doc. 1) and this Order in each new case.  **The rulings in this Order shall apply in each new case**.

(4)     The individual Plaintiffs must proceed **independently** from this point and will not be regarded as co-plaintiffs, except upon further order of the Court.  All further pleadings, motions or other papers submitted for filing by an individual Plaintiff in his separate case must be signed by the individual Plaintiff, or they will be stricken.

(5)     Within **30 days** of the date this Order is filed, each Plaintiff must either pay the $350.00 filing fee and $52.00 administrative fee **or** file a complete Application to Proceed In Forma Pauperis and a certified six-month trust account statement in his **individual case**.

(6)     If a Plaintiff fails to either pay the $350.00 filing fee and $52.00 administrative fee or file a complete Application to Proceed In Forma Pauperis in his new within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff and deny any pending unrelated motions as moot.

(7)     The Complaint (Doc. 1) is **dismissed without prejudice**.

(8)     Each Plaintiff has **30 days** to file an amended complaint **in his individual case**, **not in this case**, asserting only his claims.

(9)     If a Plaintiff fails to file an amended complaint in his individual case within 30 days, the Clerk of Court must enter a judgment of dismissal of that action without prejudice and without further notice the Plaintiff and deny any pending unrelated motions

as moot.

(10)   The Clerk of Court **must close** this case (CV 21-00212-PHX-JAT (CDB)) and **enter judgment** accordingly.

(11)   The Clerk of Court must mail each Plaintiff a court-approved form for filing an Application to Proceed In Forma Pauperis and a civil rights complaint by a prisoner.

(12)   Because the address of the Gila County Jail is the only address provided to the Court for the Plaintiffs, the Clerk of Court is directed to use this address as the mailing address for each Plaintiff when mailing a copy of this Order and the case-opening paperwork in the new actions.  The Clerk of Court must mail a copy of the Complaint to each individual Plaintiff.

Dated this 16th day of February, 2021.

3

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3.  <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 3/11/16                                                    1

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona   85003-2119 | | Tucson, Arizona   85701-5010 |

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
      A certificate of service should be in the following form:

        I hereby certify that a copy of the foregoing document was mailed
        this _____ (month, day, year) to:
        Name:   _____
        Address:_____
                    Attorney for Defendant(s)

        _____
        (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed.**   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

       Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

       Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
       (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
       ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
       ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
       ☐ Other: _____ .

2.    Institution/city where violation occurred: _____ .

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed
as: _____ at_____.
                       (Position and Title)                                            (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
                       (Position and Title)                                            (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed
as: _____ at_____.
                       (Position and Title)                                            (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed
as: _____ at_____.
                       (Position and Title)                                            (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?    ☐ Yes    ☐ No

2.  If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count I?        ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?   ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
    _____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____

_____ .

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail               ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____ .

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____ .

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                           ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count II?      ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
   _____ .

4

# COUNT III

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail                ☐ Access to the court        ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property            ☐ Exercise of religion       ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.  **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes      ☐ No
    b.   Did you submit a request for administrative relief on Count III?                 ☐ Yes      ☐ No
    c.   Did you appeal your request for relief on Count III to the highest level?        ☐ Yes      ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                                      DATE                                                    SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

**Instructions for Prisoners Applying for Leave to Proceed In Forma Pauperis
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the $350.00 filing fee plus the $50.00 administrative fees for a civil action.   If you later file an appeal, you will be obligated to pay the $505.00 filing fee for the appeal.

If you have enough money to pay the full $400.00 filing and administrative fees, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint.

If you do not have enough money to pay the full $400.00 filing and administrative fees, you can file the action without prepaying the fees.   However, the Court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit.   The Court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the Court.

After the initial partial filing fee has been paid, you will owe the balance of the $350.00 filing fee (you will not be required to pay the $50.00 administrative fee).   Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income.   The agency that holds you in custody will collect that money and forward it to the Court any time the amount in your account exceeds $10.00. These installment fees are calculated on a per-case basis.   This means that you will be required to pay 20% of your preceding month's income for **each** civil non-habeas corpus case in which you have an outstanding filing fee balance.   For example, if you are making payments toward filing fee balances in two civil non-habeas corpus cases, 40% of your preceding month's income will be collected each month. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action in forma pauperis, you must complete the attached form and return it to the Court with your complaint.   You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months.   If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined.   If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed in forma pauperis will be denied.

Even if some or all of the filing fee has been paid, the Court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action in forma pauperis unless you are in imminent danger of serious physical injury.

Revised 3/15/2016

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

Plaintiff,

v.

_____ ,

Defendant(s).

CASE NO. _____

APPLICATION TO PROCEED
IN FORMA PAUPERIS
BY A PRISONER
CIVIL (NON-HABEAS)

I, _____ , declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1.   Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?   ☐Yes   ☐No   If "Yes," how many have you filed? _____.
     Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?   ☐Yes   ☐No   If "Yes," how many of them? _____.

2.   Are you currently employed at the institution where you are confined?   ☐Yes   ☐No
     If "Yes," state the amount of your pay and where you work. _____
     _____
     _____

3.   Do you receive any other payments from the institution where you are confined?   ☐Yes   ☐No
     If "Yes," state the source and amount of the payments. _____
     _____
     _____

4.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                                    ☐Yes        ☐No
    If "Yes," state the sources and amounts of the income, savings, or assets. _____
    _____
    _____

    I declare under penalty of perjury that the above information is true and correct.


    _____          _____
             DATE                                      SIGNATURE OF APPLICANT


### ACKNOWLEDGEMENT OF COLLECTION OF FILING FEES FROM TRUST ACCOUNT

I, _____, acknowledge that upon granting this Application, the Court will order designated correctional officials at this institution, or any other correctional institution to which I am transferred, to withdraw money from my trust account for payment of the filing fee, as required by 28 U.S.C. § 1915(b).

The Court will require correctional officials to withdraw an initial partial payment equal to 20% of the greater of:

(A)  the average monthly deposits to my account for the six-month period preceding my filing of this action, or

(B)  the average monthly balance in my account for the six-month period preceding my filing of this action.

After the initial payment, if the amount in my account is at least $10.00, the Court will require correctional officials to withdraw from my account 20% of each month's income and forward it to the Court until the required filing fee is paid in full.  I understand that I am required to pay the entire fee, *even if my case is dismissed by the Court before the fee is fully paid.*

I further understand that if I file more than one action, correctional officials will be ordered to withdraw 20% of each month's income, for each action, simultaneously.  Accordingly, if I have filed two actions, correctional officials will withdraw 40% of my income each month; three actions will require 60% of my income each month, etc.

_____          _____
         DATE                                      SIGNATURE OF APPLICANT


### CERTIFICATE OF CORRECTIONAL OFFICIAL
### AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
         (Printed name of official)
The applicant's trust account balance at this institution is:               $_____
The applicant's average monthly deposits during the prior six months is:    $_____
The applicant's average monthly balance during the prior six months is:     $_____
The attached certified account statement accurately reflects the status of the applicant's account.

_____
DATE        AUTHORIZED SIGNATURE        TITLE/ID NUMBER        INSTITUTION

Revised 6/22/16                                    2